UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE SARMIENTO CORREA,

        Petitioner,

   v.

SAMUEL OLSON, KRISTI NOEM,
PAMELA BONDI, TODD M. LYONS
and SHERIFF DALE J. SCHMIDT,

        Respondents.

Case No. 25-cv-1919-pp

---

**ORDER SCREENING PETITION (DKT. NO. 1)**

---

Following his arrest by the Department of Homeland Security during an ICE check-in in Milwaukee, Wisconsin, petitioner Jose Sarmiento Correa, who currently is detained in the Dodge County Detention Center, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. The petitioner has been charged with entering the United States without inspection in violation of 8 U.S.C. §1182(a)(6)(A)(i). The petitioner argues that his detention violates the plain language of the Immigration and Nationality Act (INA) because 8 U.S.C. §1225(b)(2) does not apply to individuals like the petitioner, who entered the United States years ago and were apprehended hundreds of miles away from any border or port entry. He argues that under 8 U.S.C. §1226(a), he is entitled to an individualized bond hearing. Because the petitioner has paid the $5 filing fee, the court will screen the petition under Rule 4 of the Rules Governing §2254 Cases and will order the respondents to respond to the petitioner's brief.

1

### I. Legal Standard

Under Rule 4 of the Rules Governing § 2254 Cases, the court first reviews and screens the petition. See Rule 1(b), Rules Governing §2254 Cases (applying "any or all of these rules to a habeas corpus petition not covered" by §2254); Civil Local Rule 9(a)(2) (E.D. Wis.). As part of the screening process, the court will dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4, Rules Governing §2254 Cases.

### II. §2241 Petition

According to the petition, the petitioner is a citizen of Venezuela who has entered the United States on July 4, 2022.[1] Dkt. No. 1 at ¶2. He lived in Edgerton, Wisconsin and had been working as a painter for almost two years. Id. at ¶21. The petitioner lived with his partner, Joice Leon Ramos, who is also a Venezuelan national. Id. at ¶22. The petitioner explains that Ramos is undergoing testing a treatment for a precancerous condition and that he is her source of financial and emotional support. Id. On July 4, 2022, DHS released the petitioner from border custody and ordered him to attend check-in appointments at the ICE Milwaukee Field Office. Id. at ¶23. DHS arrested the petitioner at his last check-in on November 20, 2025. Id. at ¶24. DHS did not issue an arrest warrant. Id. The petitioner has been detained in Dodge County Jail and placed in removal proceedings before the Chicago Immigration Court

---

[1] Paragraph 2 of the complaint says that he entered the United States on July 4, 2022; paragraph 15 says that he has resided in the United States since approximately July 4, 2025.

under 8 U.S.C. §1229a. Id. at ¶25. He is eligible and will renew his application for asylum because he expressed opposition to the Maduro government in Venezuela and was repeatedly attacked by Maduro's supporters. Id. at ¶26. He remains in mandatory detention and faces the possibility of extended time in immigration custody without receiving an individualized hearing justifying his detention. Id. at ¶27.

The petitioner alleges that he remains in custody under a DHS policy that interprets 8 U.S.C. §1225 as requiring mandatory detention. Id. at ¶¶29, 41. The petitioner asserts that there are no administrative remedies that he can exhaust prior to seeking *habeas* relief. Id. at ¶29. The petitioner cites a published decision from the Board of Immigration Appeals, holding that "all noncitizens who entered the United States without admission or parole are considered applicants for admission and are ineligible for immigration judge bond hearings." Id. at ¶42 (citing Matter of Hurtado, 29 I. & N. Dec. 216 (BIA 2025)).

The petitioner argues that his detention is not authorized under §1225(b)(2) because that section does "not include individuals who have entered without inspection and are apprehended when already inside the United States." Id. at ¶¶44-48. He argues that his continued detention is not authorized under §1226(a) because that sections "discretionary detention framework requires a bond hearing to make an individualized custody determination based on Petitioner's risk of flight or dangerousness" and the petitioner has not received a hearing. Id. at ¶67. The petitioner also alleges a

3

due process violation and asks the court to issue a writ of *habeas corpus* requiring his immediate release or to order the respondents to provide him with a bond hearing within fourteen days. Id. at 22. He asks the court to enjoin the respondents from moving him outside the jurisdiction during the pendency of the petition, declare that the continued detention violates the INA and the due process clause and award attorney fees under the Equal Access to Justice Act. Id. He has not filed a separate motion for injunctive relief.

### III. Analysis

A district court may grant a petitioner's request for a writ of *habeas corpus* if the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. 2241(c)(3). On this petition, the court cannot conclude that the petitioner is plainly not entitled to relief.

In the context of addressing a motion to stay pending appeal, the Seventh Circuit has implied that it was likely to reject the more expansive position taken by the government with respect to mandatory detention under §1225(b)(2)(A). See Castañon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, 2025 WL 2552514, *8-10 (7th Cir. Dec. 11, 2025). The Seventh Circuit wrote that "the difference in treatment between a noncitizen at the border and one already in the United States fits within the broader context of our immigration law." Id. at *9. The Seventh Circuit drew a distinction between those seeking admission at the border (who do not need to be arrested because they are detained on

4

arrival under §1225) and noncitizens who already are in the country and subject to removal proceedings under §1226(a). Id. (citing Jennings v. Rodriguez, 583 U.S. 281, 288-289 (2018)).

Although the Seventh Circuit was assessing whether the applicant for a stay had made a strong showing of likelihood of success on the merits (meaning that that the ruling was not dispositive), several district courts in this circuit have followed the reasoning of Castañon-Nava, and have adopted the position taken by the petitioner. See, *e.g.*, Cruz v. Noem, Case No. 2025 WL 3720247, *4 (N.D. Ill. Dec. 23, 2025) (granting *habeas* petition filed by noncitizen who had been living in the United States for eleven years with no criminal record and who had been detained without a bond hearing after presenting for an immigration interview); Mejia Diaz v. Noem, Case No. 25-CV-960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (citing Castañon-Nava to support conclusion that §1225(b)(2) does not apply to noncitizens who are apprehended in the interior of the United States years after their unlawful entry); Juan Carolos Barrera Simon v. Sam Olson, Case No. 25 C 14799, 2025 WL 3567469, *5-7 (N.D. Ill. Dec. 13, 2025) (granting *habeas* petition filed by noncitizen who had been living in the United States for twenty-three years with no criminal record and who had been detained without a bond hearing under §1225). In the Eastern District of Wisconsin, courts have split on this issue. Compare Valverde v. Olson, Case No. 25-cv-1502-BBC (E.D. Wis. Oct. 29, 2025) and Alonso v. Olson *et al.*, Case No. 25-cv-

1660-LA, 2025 WL 3240928, *3 (E.D. Wis. Nov. 20, 2025) with <u>Ugarte-Arenas v. Olson</u>, Case No. 25-cv-1721-WCG, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025).

## IV. Conclusion

The court **ORDERS** that the Clerk of Court must promptly serve a copy of the petition and this order upon the respondents under Rule 4 of the Rules Governing Section 2254 Cases and the Memorandum of Understanding.

The court further **ORDERS** that the respondents must answer the petition and respond to the petitioner's brief by the end of the day on **January 23, 2026**. If the petitioner intends to file a reply brief, he must do so within seven days of receiving the respondent's answer and brief in opposition.

Dated in Milwaukee, Wisconsin this 6th day of January, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**